LUMBERMAN'S BANK *versus* SAMUEL R. BEARCE.

Under R. S., c. 69, banking corporations are liable to the same penalties as individuals for taking usurious interest.

In a suit upon a note where more than legal interest has been reserved or taken, the damages must be reduced by the oath of the defendant by reason of such usurious interest, in order that the party so taking or reserving it shall recover no costs, but shall pay costs to the defendant.

ON EXCEPTIONS from *Nisi Prius*, CUTTING, J., presiding.

This action was ASSUMPSIT upon a note dated July 10, 1854, for one thousand dollars, payable to one Boody, or his order, signed by Paulk & Co., and indorsed by said Boody and the defendant.

The defendant pleaded the general issue, and filed a brief statement, alleging that usurious interest was reserved by plaintiffs in the note.

To support the action against defendant as indorser of the note, plaintiff introduced the deposition of E. B. Pierce, who testified that, at the time of the discounting of said note, and ever since he was the cashier of said bank, he took said note of Boody by order of the president and directors of said bank, at their bank, and deducted·from the money loaned thereon one per cent. per month, as interest or discount; that on the 22d day of April, 1856, by order of said president and directors, he indorsed on said note the sum of $20,50, being the amount of excess of legal interest taken by said bank for discounting said note.

The defendant, to establish the fact of usury on said note, introduced the deposition of Boody, the payee thereof, who swore that he called on the president of said bank, before defendant indorsed said note, and made an arrangement with him to discount the same at one per cent. per month, by procuring the name of defendant; that defendant afterwards indorsed said note, and thereupon it was discounted at one per cent. per month discount.

The defendant requested the Court to charge the jury that, if plaintiff took more than legal interest on the discount of said note, this action could not be maintained. The Court refused, and instructed the jury, that the same penalties attached to banking corporations as to individuals on taking greater interest than allowed by law, and that defendant might avail himself of proof of the fact of usury by the bank to avoid the excess of interest taken over six per cent.; but such proof would not otherwise affect the validity of the note.

The jury found for plaintiff.

Small *v.* Trickey.

To the above instructions of the Court, and refusal to instruct, the defendant excepted.

*J. H. Hillard,* for plaintiffs, contended : —

1. The instructions were correct. Banks and other corporations come within the provisions of c. 69 of the Revised Statutes, relating to usury. Such corporations are "persons" within the meaning and language of the law. R. S., c. 1, § 3, rule 13.

2. The plaintiff is entitled to costs. The damages were not reduced by proof, but by voluntary indorsement by plaintiffs on the note ; and whether made before or after the action was commenced, is immaterial. *Cummings* v. *Blake,* 29 Maine, 105 ; *Hankerson* v. *Emery,* 37 Maine, 16.

*Sewall,* for defendant.

GOODENOW, J. — There is no foundation for exceptions to the instructions of the presiding Judge to the jury.

The damages in this case were not reduced by the oath of the *defendant.* The plaintiffs are entitled to judgment on the verdict, and their costs.

The defendant is not entitled to costs.

*Exceptions overruled.*

TENNEY, C. J., and HATHAWAY, APPLETON, and MAY, J. J., concurred.